IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS MARKS,

Plaintiff,

v.

ORDER

11-cv-612-wmc

CITY OF WAUSAU,
HONORABLE MARK SAUER,
ANNE JACOBSON, PAMELA FISHER
and DOES 1 THROUGH 10,

Defendants.

---

Plaintiff Dennis Marks filed the above-entitled case in Marathon County Circuit Court on August 10, 2011, alleging that defendants blocked his access to state courts in violation of the United States Constitution. Specifically, Marks claims that defendants refused to file court documents and otherwise perform duties necessary for him to litigate an appeal from convictions entered in the City of Wausau Municipal Court.[1] Marks also alleged state-law due process, intentional infliction of emotional distress and invasion of privacy claims. Defendants removed the case to this court. Currently before the court are defendants' motion for summary judgment, as well as Marks' "Motion in Opposition" to defendants' motion. For reasons stated below, the court will grant defendants' motion for summary judgment and deny plaintiff's motion in opposition.

---

[1] Marks includes as defendants "Does 1 through 10." The court set a schedule for Marks to make discovery requests to ascertain the identities of the Doe defendants and amend his complaint to reflect the true identities of these defendants. Not only did Marks fail to amend his complaint, he failed in his briefing or proposed findings of fact to even mention these nominal defendants. Therefore, the court finds that Marks has abandoned his claims against the Doe defendants.

FACTS[2]

Plaintiff Dennis Marks is a resident of Marathon County, Wisconsin. The City of Wausau is being sued as the employer of the individual defendants. Defendant Mark Sauer is the City's Municipal Court judge; defendant Anne Jacobson is its city attorney; and defendant Pamela Fischer is its clerk of Municipal Court.

On February 22, 2010, Marks was issued municipal citations for (1) operating a 1994 Plymouth van after its registration had been suspended and (2) operating with a suspended driver's license. On April 6, 2010, Marks was issued municipal citations for (1) operating a 1989 Chevrolet pickup truck after its registration had been suspended and (2) operating with a suspended driver's license.

The citations were scheduled for trial in the municipal court on December 9, 2010. Defendant Sauer presided over the proceedings. The City was represented by defendant Jacobson. The parties stipulated to amending the two charges of operating with a suspended driver's license to operating without a valid driver's license, and Marks pled no contest to those charges. The other two charges for operating unregistered vehicles were dismissed.

Although taped on a Marantz Professional Solid State Recorder, there is no court reporter/stenographer present in the Wausau Municipal Court during proceedings.

---

[2] The facts set forth are drawn from defendants' materials in support of their motion for summary judgment. While Marks filed a response to defendants' proposed findings of fact, he does not support his responses with admissible evidence, such as an affidavit sworn under penalty of perjury. In any case, Marks does not dispute the lion's share of the proposed facts. Where he purports to dispute relevant facts, his version is noted for the sake of completeness.

Unfortunately, the recorder malfunctioned both before and after December 2010 and been repaired a number of times.

On December 14, 2010, Marks made a request for a copy of the record of the proceedings on December 9. When defendant Fischer attempted to make a copy of the recording requested by Marks, she discovered that the recorder had malfunctioned and there was no recording. Fischer advised Marks of this by letter dated January 12, 2011.[3]

On December 30, 2010, Marks filed a notice that he was appealing the municipal court's judgment.[4] Marks' appeal to the Marathon County Circuit Court was formally docketed there as Case No. 2011CV000532 on April 8, 2011. A notice of a pretrial conference was sent to Marks on July 11, 2011, which scheduled that conference for August 17, 2011 at 8:30 a.m. Because Marks did not appear for this pretrial conference, a default judgment was entered against him on August 18, 2011.

## OPINION

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court views all facts

---

[3] Marks states that when he asked Fischer for the transcript on that date, she replied that "she had not gotten to it yet." Both facts may well be true since Marks' inquiry may have prompted Fischer to look for the tape, only to discover the mishap.

[4] Marks notes that his letter is dated December 20 and believes that this should be considered the date of filing, although he does not specifically state *when* he actually brought or mailed the document to the court.

and draws all inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Id.* at 248.

The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the initial burden is met, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial'" for an issue on which the nonmoving party will bear the burden of proof at trial. *Id.* at 324. If he fails to do so, "[t]he moving party is 'entitled to a judgment as a matter of law.'" *Id.* at 323. Here, Marks has failed to come forward with evidence supporting his constitutional or state law claims.

## I. Access to Courts Claim

The court understands Marks to be bringing a claim that defendants violated his right to access the courts under the United States Constitution by refusing to file court documents and otherwise perform duties necessary for Marks to litigate an appeal from his municipal court convictions.[5] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "Meaningful access

---

[5] Marks' complaint is somewhat difficult to decipher, but the court understands him to be bringing an access to the courts claim based on the allegations in his complaint stating that defendants "have intentionally refused to file the record with the Clerk of the Marathon [Circuit Court] in a timely manner as required by law denying Plaintiff his right to an appeal . . . ." In their summary judgment brief, defendants attempt to ascertain the nature of plaintiff's claims by citing Marks' deposition, in which he explains "why he was suing the individual defendants." This deposition is not part of the complaint, nor does Marks attempt to amend his complaint to include those statements.

to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses." *Id*. This right extends to an individual seeking to obtain access to the courts without undue interference. *See Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) (The right of individuals to pursue legal redress for claims protected by the due process rights found in the Fourteenth Amendment, as well as the First Amendment right to petition).

Marks' complaint alleges that defendant Fischer "refused to file [his] Notice of Appeal . . ." and that the "Office of the Clerk . . . failed to provide [him] with the record of the proceedings causing [him] to lose his right to appeal as provided by law." The court records submitted by defendants, however, show that Marks was, in fact, allowed to proceed on his appeal to the Marathon County Circuit Court. As to Marks' contentions that his appeal was "filed late" and that the record was compromised by the malfunctioning recorder due to some failure on the part of defendants, there is no indication that the delay in transfer of the case from the municipal court to the circuit court (Marks filed his notice of appeal on December 30, 2010, and the appeal was docketed in the circuit court on April 8, 2011) prejudiced him in any way. Rather, default judgment was entered against Marks because he failed to appear at the pretrial conference scheduled by the circuit court.

This lack of prejudice is fatal to Marks' claim because the plaintiff must show *actual* injury to succeed on an access-to-courts claim. This is because relief for the denial of access to the courts "is intended to remedy rights denied in a separate and distinct right to seek judicial relief for some wrong . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *In re Maxy*, 674

F.3d 658, 661 (7th Cir. 2012) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Accordingly, the court will grant defendants' motion for summary judgment on this claim and deny Marks' motion in opposition.

The court notes that Marks attempts to raise new claims in his brief not mentioned in his complaint: (1) defendant City Attorney Jacobson threatened to have Marks' driver's license suspended if he did not accept the plea deal; and (2) defendant Judge Sauer failed "to timely perform [his] ministerial duties according to law."[6] Marks, however, may not amend his complaint in a brief in response to a dispositive motion. *Pirelle Armstrong Tire Corp. Retiree Med. Ben. Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).[7] Even if the court were to consider these claims, both defendants enjoy immunity for acts falling within the scope of their prosecutorial and judicial functions. *Hartman v. Moore*, 547 U.S. 250, 261–62 (2006) (discussing prosecutorial immunity); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (discussing judicial immunity).

### III. State-Law Claims

In denying Marks' motions to remand, this court explained that it would exercise supplemental jurisdiction over Marks' state-law due process, intentional infliction of

---

[6] Marks states in his responses to defendants' proposed findings of fact that Sauer "has not been served a Summons and Complaint, [and] therefore . . . is not a proper party to this action." The court need not delve into Marks' assertion because it concludes that no claims against Sauer survive defendants' motion for summary judgment.

[7] Marks also states that the notice of the pretrial conference for his appeal was sent to the wrong address. None of the named defendants, however, were responsible for notices sent by the Marathon Circuit Court and so those claims cannot be brought in this case.

emotional distress and invasion of privacy claims in its June 6, 2012 Order (dkt. #37). Now that summary judgment will be granted to defendants on Marks' federal constitutional claims, the question still remains whether the court *should* consider his state-law claims or remand them. 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). The Seventh Circuit has adopted a "sensible presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims." *Wright v. Assoc. Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). There are, however, three recognized exceptions to this presumption: (1) when the statute of limitations has run on the pendent claims, precluding the filing of a separate suit in state court; (2) when substantial judicial resources have already been committed, which would require a substantial duplication of effort; and (3) when it is clear how the state claim can be decided based upon the district court's findings regarding the federal claims or because the state claim is obviously frivolous. *Id*.

The court will retain jurisdiction over Marks' state-law claims here given the overlap in its findings rejecting his federal claims and the obvious lack of merit in his other state law claims. As an initial matter, the court can locate no precedent indicating that the Wisconsin Constitution contains broader due process rights (including the right of access to the courts) than are guaranteed under the United States Constitution. Additionally, as defendants point out, Marks fails to offer any facts supporting his intentional infliction of emotional distress or invasion of privacy claims. Even aside from the fact that Marks' responses to defendants' proposed findings of fact are not properly supported by admissible evidence, none of his

proposed facts comes close to supporting intentional infliction of emotional distress or invasion of privacy claims. *See Rabideau v. City of Racine*, 2001 WI 57, ¶ 33, 243 Wis.2d 486, 627 N.W.2d 795 (elements of intentional infliction of emotional distress include "defendant's extreme and outrageous conduct" and plaintiff's "extreme disabling emotional response,"); Wis. Stat § 995.50 (detailing types of civil invasion of privacy claims, such as "[i]ntrusion . . . of a nature highly offensive to a reasonable person," "[t]he use, for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person," "publicity given to a matter concerning the private life of another, of a kind highly offensive to a reasonable person" and conduct prohibited under the criminal invasion of privacy statute). This is not surprising, because it is difficult to see how a case involving the timely filing of an appeal and a malfunctioning recorder could support such claims. Finally, even if Marks had offered some evidence supporting his claims here, his claims against the clerk of court Fischer are contradicted by the record and claims arising out of the actions of Sawer and Jacobsen in their capacity as judge and prosecutor subject to immunity under stat law. *Hartman*, 547 U.S. at 261–62; *Mireles*, 502 U.S. at 11.

Accordingly, summary judgment will be granted to defendants on his state-law claims and Marks' motion in opposition will be denied.

ORDER

IT IS ORDERED that:

(1) Defendants' motion for summary judgment (dkt. #26) is GRANTED.

(2) Plaintiff Dennis Marks' motion in opposition to defendants; motion for summary judgment (dkt. #42) is DENIED.

(3) The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 30th day of September, 2013.

BY THE COURT:

/s/

________________________________
WILLIAM M. CONLEY
District Judge